# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-233V

| | |
|---|---|
| AKLILU KEFLEZIGHI,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: July 24, 2025 |

*Stephen Waldman*, Law Offices of Stephen L. Waldman, San Diego, CA, for Petitioner.

*Julia Marter Collison*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

On February 16, 2023, Aklilu Keflezighi filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration as a result of a tetanus-diphtheria-acellular pertussis vaccine administered to him on October 29, 2021. Petition, ECF No. 1. On September 12, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 31.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $48,359.09 (representing $47,675.00 in fees plus $684.09 in costs). Application for Attorneys' Fees and Costs ("Motion") filed February 24, 2025. ECF No. 35. Furthermore, Petitioner filed a signed statement representing that she incurred no personal out-of-pocket expenses. ECF No. 37.

Respondent reacted to the motion on March 12, 2025, stating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-3, ECF No. 36. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

*A. Attorney Hourly Rates*

Petitioner has requested that I apply the hourly rate of $500.00 for work performed by attorney Stephen Waldman in the 2022-25 timeframe. Mr. Waldman was admitted to the California State bar in 1992 (Motion at 35-1), placing him in the range of attorneys with 20-30 years' experience for work performed in 2022 and in the range of attorneys with 31+ years' experience for work performed in 2023-25, based on the OSM Attorneys' Fee Schedules.[3] Although Mr. Waldman's proposed rate falls within the appropriate Fee Schedule ranges for similarly-situated Program attorneys, he seeks a rate on the highest end of the range – despite his lack of significant experience handling Program matters, with this appearing to be his first Vaccine Act case. Indeed, Mr. Waldman was recently admitted to this Court in November 2022 (less than three years ago).

It is therefore improper for Mr. Waldman to receive a rate on the higher end of the Fee Schedules when those rates are reserved for attorneys that also have lengthy experience representing Petitioners in the Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). Accordingly, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys, **a rate of $430.00 is more appropriate** for Mr. Waldman in the 2022-25 timeframe. **Application of the foregoing reduces the amount to be awarded herein by $6,674.50.**[4] Mr. Waldman will be eligible for higher rates in the future, however, as he demonstrates more experience representing petitioners in the Vaccine Program.

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

[4] This amount consists of reducing attorney Waldman's hourly rate for all of his time billed in this matter (in the 2022-25 timeframe) and is calculated as follows: ($500.00 - $430.00 = $70.00 x 95.35 hours billed) = $6,674.50 in overall fees to be reduced.

### B. Paralegal Tasks Billed at Attorney Rates

In addition to the aforementioned hourly rate reduction, there are several instances in which tasks that are considered paralegal in nature were improperly billed at the attorney's regular hourly rate in this matter.[5] Counsel is admonished that "[t]asks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." See *Riggins v. Sec'y of Health & Human. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). *Turpin v. Sec'y of Health & Human. Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010).

Although these billing entries represent reasonably-performed work, they must be charged at a reduced rate comparable to that of a paralegal. **Accordingly, I reduce Mr. Waldman's rate to $177.00 per hour only for those tasks considered paralegal in nature.** Application of the foregoing further reduces the fees to be awarded herein by **$1,581.25**.[6]

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 35-1 at 16-21. Respondent offered no specific objection to the requested costs. Accordingly, I find the requested costs reasonable and hereby award them in full.

### CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **I award a total of $40,103.34 (representing $38,419.25 in fees plus $684.09 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

---

[5] Tasks considered paralegal in nature include drafting basic documents such as an exhibit list, cover sheet, notice of filing, certificate of service, requests for medical records, following up with medical records providers, drafting a notice of election to accept judgment, drafting the PAR questionnaire and statements of completion. See specific billing entries dated as follows: 8/15/22; 1/18/23; 2/27/23; 4/22/23 (two entries); 6/7/23; 6/8/23 (three entries); 3/25/24. See ECF No. 35-1 at 5-14.

[6] This amount consists of reducing Mr. Waldman's newly awarded rate to that of a paralegal's rate, only for those hours billed on tasks considered paralegal in nature. This amount is calculated as follows: ($430.00 - $177.00 = $253.00 x 6.25 hours) = $1,581.25 in fees to be reduced.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.